```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
         CHARLOTTE DIVISION
          3:99CR113-1-MU-02


UNITED STATES OF AMERICA,  )
    Plaintiff,             )
                           )
    v.                     )        ORDER
                           )
MARINO JIMENEZ,            )
    Defendant.             )
_____)
```

**THIS MATTER** comes before the Court the defendant's "Motion For Return Of Property" (document # 28); and on his "Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. Section 3582(c)(2)" (document # 29), both filed March 24, 2004.

By his Motion for Return of Property, the defendant asserts that on the date of his arrest for drug trafficking charges, to which charges he subsequently pled guilty, the government seized more than $15,700.00 in case, items of jewelry valued at about $5,000, and a vehicle valued at about $28,000. However, the defendant represents that only $760.00 of the currency and a few miscellaneous items were "declared" by the government on its property inventory list. Therefore, the defendant asserts that since his Plea Agreement only related to the items which the government declared on its inventory form, he is entitled to have the other items returned to him.

For its part, the government contends that the defendant is

not entitled to any relief on his Motions because he is mistaken as to the facts which purportedly underlie his claims.

A review of the defendant's Plea Agreement reflects--as the defendant concedes--that he "forfeit[ed] and otherwise waive[d] any ownership right in all items seized <u>during the investigation</u> of the acts alleged in the Bill of Indictment." Clearly, that language does not limit the defendant's forfeiture/waiver agreement to only those items which were listed on the inventory sheet by the case agent. On the contrary, such broad provision expressly reaches "all items seized during the investigation" of the defendant's offenses.

Accordingly, inasmuch as the defendant, himself, has made clear that the property which he is seeking to have returned to him was seized during searches which were conducted incident to his arrest, he is not entitled to have the subject property returned. To put it simply, the defendant has, by the terms of his Plea Agreement, forfeited his ownership interest in all of the property which he now is seeking to have returned. Therefore, this Motion must be <u>denied</u>.

Likewise, the defendant cannot prevail on his Motion to Modify. Here, the defendant asks the Court to apply a "subsequent amendment" to the Guidelines, <u>i.e.</u>, the so-called "Safety Valve" provision, so that his total Offense Level can be reduced by two, thereby resulting in a lower term of imprisonment. In his Amendment to his Motion to Modify, the defendant also asks

the Court to reduce his sentence based upon the rules announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny.

As for the defendant's claim of a reduction pursuant to the Safety Valve provision, as the government correctly has asserted, that provision took effect on September 23, 1994. However, the defendant was sentenced on June 13, 2000, that is, long after the time that the §5C1.1 took effect. Therefore, the defendant is mistaken as to his assertion that such provision is a "subsequent amendment" which could be applied in his case.

More critically, the Court has determined that even if the defendant's Offense Level were reduced by two levels, he still could be subject to a 135-month sentence inasmuch as Offense Level 31, Criminal History Category I encompasses a sentencing range of 108 to 135 months imprisonment. Thus, the defendant cannot demonstrate any entitlement to relief on this basis.

Finally, with respect to his Apprendi-based claim, the Court is well aware that the holding from that case and the line of cases which followed it did not call for an end to certain federal court sentencing practices until the announcement of the U.S. Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Consequently, since the Booker decision was announced well after the defendant was convicted and sentenced, and the Supreme Court has not directed that Booker be retroactively applied by sentencing courts, the defendant cannot demonstrate an entitlement to its application at this late juncture.

Moreover, it has not escaped the Court's attention that the defendant's sentence was calculated solely based upon facts which he admitted.  That is, the defendant actually stipulated that the "amount of cocaine base that was known or reasonably foreseeable by [him] was at least 500 grams but less than 1.5 kilograms," thereby yielding an unadjusted Offense Level of 36.  The Court did not add any additional points to that Level, but reduced that level by three points for the defendant's acceptance of responsibility.  Therefore, the defendant cannot even establish an <u>Apprendi</u>-type violation on the facts of this case.

Based upon the foregoing, it is readily apparent that the defendant is not entitled to any relief on either his Motion to Modify or his Motion for Return of Property.  Therefore, those two Motions will be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The defendant's Motion to Modify Term Of Imprisonment (document # 28) is **DENIED;**

2.  The defendant's Motion for Return of Property (document # 29) is **DENIED;** and

3.  The Clerk shall send copies of this Order to the defendant and to the United States.

**SO ORDERED.**

Signed: April 26, 2007

*Graham C. Mullen*
Graham C. Mullen
United States District Judge